**Heralio OLIVAREZ, Appellant,**

v.

**Blas AGUILAR, Appellee.**

**No. 14754.**

Court of Civil Appeals of Texas.

San Antonio.

Oct. 3, 1968.

F. R. Nye, Jr., Alex Gabert, Rio Grende City, Luther E. Jones, Jr., Corpus Christi, for appellant.

Arnulfo Guerra, Roma, John A. Pope, III, Rio Grance City, Bill Ellis, Jr., McAllen, for appellee.

PER CURIAM.

This is a primary election contest involving the nomination of the Democratic Party for the office of Constable of Precinct Number Four of Starr County, Texas. The trial court concluded, after a full hearing, that appellee, Blas Aguilar, had received 340 votes to 334 votes for appellant, Heralio Olivarez, and judgment was accordingly entered declaring appellee to be the nominee.

Appellant urges as the sole ground for reversal that seven absentee votes for Aguilar are invalid because the medical certificate accompanying each voter's application was not executed by a duly licensed physician as required by Sec. 2, Art. 5.05, Election Code, Vernon's Ann. Civ.St. All facts relating to these seven absentee votes were stipulated by the parties.

It was stipulated that a medical certificate in the form required by law, executed by Dr. Arturo Martinez Figueroa, accompanied each application. Each of said voters, or his authorized agent, requested such examination and Dr. Figueroa designated the place for examining each voter as the voter's home in Starr County. Dr. Figueroa, since August 20, 1960, has been continuously a duly licensed physician, holding Certificate No. C5666, issued by the State Board of Medical Examiners. His medical certificate was duly registered in the office of the District Clerks of Zapata County and Webb County, but was not registered in the office of the District Clerk of Starr County until subsequent to this election. Dr. Figueroa has been at all times herein material a resident of Zapata County. Dr. Figueroa did not reside in Starr County, maintain an office in Starr County, or make any designations in Starr County other than making such examinations at the home of each voter.

Art. 4498, Vernon's Ann.Civ.St., and Art. 739, Vernon's Ann.P.C., provide in part: "It shall be unlawful for any one to practice medicine * * * who has not registered in the District Clerk's office of every County in which he may reside, and in each and every County in which he may maintain an office or may designate a place for meeting, advising with, treating in any manner, or prescribing for patients, the certificate evidencing his right to practice medicine * * *."

It has been held that a voter must strictly conform to those things which he is required by statute to do in order for his ballot to be counted. Vicars v. Stokely, 296 S.W.2d 599 (Tex.Civ.App.—San Antonio 1956, writ ref'd n. r. e.); 157 Tex. 182, 300 S.W.2d 623 (1957). In McGee v. Grissom, 360 S.W.2d 893 (Tex.Civ.App.—Fort Worth 1962, no writ), it was held that the 1959 amendment to the Election Code made the manner of casting absentee votes mandatory and the Legislature thereby intended that if the statutory requirements were not complied with the votes were void and should not be counted.

Under the stipulation of the parties, Dr. Figueroa was a duly licensed

physician with his certificate duly registered in the county of his residence. There was no showing that he maintained any type of office in adjoining Starr County. We cannot believe that the Legislature intended by the enactment of Arts. 4498 and 739, supra, to prohibit a physician from making a house call in an adjoining county from his office. In any event, Dr. Figueroa was a duly licensed physician within the meaning of Sec. 2 of Art. 5.05 of the Election Code and authorized to execute the medical certificate in support of the voter application for an absentee ballot.

There is no evidence of a fraud or conspiracy in the execution of said certificates. Cf. McGee v. Grissom, supra. The trial court did not err in counting these seven absentee ballots as valid votes.

The judgment is affirmed. The parties agree that the ballot must be sent to the printer by October 5, 1968, therefore, no motion for rehearing will be entertained.